UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIUDMYLA IEGOROVA,<br><br>           Plaintiff,<br><br>   v.<br><br>DANIIL FEYGAN,<br><br>           Defendant. | No. 2:19-cv-1512-MCE-KJN PS<br><br><u>ORDER TO SHOW CAUSE<br>WHY PLAINTIFF SHOULD NOT BE<br>DECLARED A VEXATIOUS LITIGANT</u> |

Plaintiff Liudmyla Iegorova, proceeding without counsel, commenced this action and requested leave to proceed *in forma pauperis*. (ECF Nos. 1, 2.)

After a review of the court's records, the undersigned finds Plaintiff to be a repeat, serial litigant whose actions have made it clear that she will only continue to abuse the judicial process and inundate this court with frivolous complaints that do nothing but strain the court's limited resources. Therefore, Ms. Iegorova is ordered to show cause why she should not be declared a vexatious litigant. This designation may be accompanied by a pre–filing order restricting her ability to file new cases, requiring that she post security in order to maintain cases, or a limiting the number of motions she may maintain in a single case.

Plaintiff may respond to this order by filing a written response before September 12, 2019. Additionally, Plaintiff is ordered to appear at a hearing on Thursday, October 3, 2019, at 10:00 A.M., in Courtroom 25 regarding this matter.

1

**Background**

On August 7, 2019, Ms. Iegorova filed this action against Daniil Feygan, a social worker at Sacramento In–Home Support Services. (ECF No. 1.) Therein, she alleges Feygan committed crimes against her health, life, and personal property under 18 U.S.C. § 241. According to Ms. Iegorova, Sacramento County "stole documents for [a] hearing in July 2015 and stop[ped] services on July 25." (ECF No. 1.) She demands ninety–nine trillion dollars in damages. (Id.)

A review of the court's docket reveals that since 2014, Ms. Iegorova has filed over 50 cases in this district wherein she proceeds pro se and requests a waiver of the filing fees. As shown in more detail below, only one of Ms. Iegorova's cases has progressed past the court's screening process, and a majority of these actions have been dismissed as frivolous, vague, unintelligible, fanciful, or delusional. Further, in a many of those cases, it appears Ms. Iegorova has been using an address that is not her own, causing the Court's notices to flood the mail of the actual residents. (See 2:19–cv–167–JAM–DB, ECF No. 3, a Letter from the Director of the Community Center alleging Ms. Iegorova's fraudulent use of the address; see also, e.g., 2:19-cv-00037-MCE-EFB, Docket Entry 7/22/19, "Mail Returned as Undeliverable.")

**Legal Standard**

The district courts have the power under the All Writs Act, 28 U.S.C. § 1651(a), to issue pre-filing orders that restrict a litigant's ability to initiate court proceedings. De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990). "[S]uch pre-filing orders are an extreme remedy that should rarely be used." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). However, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." De Long, 912 F.2d at 1148. Before entering a pre-filing order, the court is to: (I) give the litigant notice and a chance to be heard before the order is entered; (II) compile an adequate record for review; (III) make substantive findings about the frivolous or harassing nature of the plaintiff's litigation, and (IV) narrowly tailor the vexatious litigant order "to closely fit the specific vice encountered. Molski, 500 F.3d at 1057. The first and second factors "are procedural considerations"; the third and fourth factors "are substantive

considerations" that help the district court "define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior without unduly infringing the litigant's right to access the courts." Id. at 1057-58. As to the substantive factors, the Ninth Circuit has found a separate set of considerations (employed by the Second Circuit Court of Appeals) provide a helpful framework. Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1062 (9th Cir. 2014) (citing Molski, 500 F.3d at 1058). They are:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits;
> (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?;
> (3) whether the litigant is represented by counsel;
> (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and
> (5) whether other sanctions would be adequate to protect the courts and other parties.

Molski, 500 F.3d at 1052 (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

Additionally, the Eastern District has adopted California's "vexatious litigant" laws. See Local Rule 151(b) (adopting Cal. Civ. Proc. Code §§ 391–391.8). These laws were "designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants." Shalant v. Girardi, 51 Cal. 4th 1164, 1169 (2011). The vexatious–litigant statute "provide[s] courts and nonvexatious litigants with two distinct and complementary sets of remedies." Id. at 1171. First, a plaintiff may be required to furnish security, meaning a requirement for the litigant to "assure payment . . . of the party's reasonable expenses, including attorney's fees . . . incurred in or in connection with a litigation instituted . . . by a vexatious litigant." Cal. Civ. Proc. Code § 391. If the plaintiff fails to furnish the security, the action will be dismissed. Id. Second, the court may impose a prefiling order that prevents a plaintiff from filing any new case in propria persona. Id. (citing Cal. Civ. Proc. Code § 391.7).

**Analysis**

Ms. Iegorova's litigation history demonstrates a pattern of frivolous and harassing complaints that calls for her to be deemed a vexatious litigant. De Long, 912 F.2d at 1146.

**A. Notice and Opportunity to Be Heard**

Procedural due process is satisfied in this instance where the court notifies the litigant it is considering a vexatious litigant order, provides details about the scope of the proceedings, and allows for the litigant to respond to the court's concerns. Ringgold-Lockhart, 761 F.3d at 1063.

By issuing this order to show cause, the Court is notifying Ms. Iegorova it is considering deeming her a vexatious litigant, and is considering entering a comprehensive pre–filing order for her. A full description of this potential pre–filing order can be found in Section D below. Given that the bulk of this court's recent service is returned as undeliverable, the undersigned orders the clerk of this court to serve this order on each of Ms. Iegorova's prior three addresses, and additionally orders the clerk to serve this order on Ms. Iegorova at the public counter, if possible.

The Court grants Ms. Iegorova leave to file written opposition to this order stating her arguments for why she should not be declared a vexatious litigant. This filing should be submitted to the court no later than September 12, 2019. Further, the Court orders Ms. Iegorova to appear at a hearing on this matter, set for Thursday, October 3, 2019, at 10:00 A.M., in Courtroom 25.

**B. Adequate Record for Review**

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." De Long, 912 F.2d at 1147. A district court compiles a proper record for review where a complete list of the cases filed by the litigant, alongside those complaints, accompanies the vexatious litigant order. Ringgold-Lockhart, 761 F.3d at 1063.

Ms. Iegorova has filed over 50 actions in this court since 2014—almost half of which were filed in 2019.[1]

---

[1] See 2:19-cv-00037-MCE-EFB Iegorova v Clinton; 2:14-cv-01415-GEB-EFB Iegorova v. Obama; 2:14-cv-03014-MCE-KJN Iegorova v. Target Corporation; 2:14-cv-03016-GEB-EFB Iegorova v. Lieninger; 2:15-cv-00726-KJM-KJN Iegorova v. HUD; 2:15-cv-00742-TLN-AC Iegorova v. Kristyuk; 2:15-cv-00884-TLN-KJN Iegorova v. Vintage Knools and Vintage Woods; 2:15-cv-00885-TLN-CKD Iegorova v. Jawale; 2:15-cv-01116-MCE-AC Iegorova v. Intercontinental Hotel Group; 2:15-cv-01281-TLN-EFB Iegorova v. Chase Bank; 2:15-cv-01531-KJM-CKD; Iegorova v. Sacramento Police Dept.; 2:15-cv-01545-KJM-GGH Iegorova v.

**C. The Frivolous or Harassing Nature of Ms. Iegorova's Litigation**

"[B]efore a district court issues a pre-filing injunction . . . it is incumbent on the court to make substantive findings as to the frivolous or harassing nature of the litigant's actions." De Long, 912 F.2d at 1148. The Ninth Circuit has adopted the Second Circuit's framework on this prong, which requires the court to consider the litigants history, motives, representation by counsel, as well as the expense to others or burdens on the court and the possibility of other sanctions. Ringgold-Lockhart, 761 F.3d at 1062; Molski, 500 F.3d at 1058 (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)). As described below, the weight of these considerations supports a substantive finding that Ms. Iegorova has engaged in frivolous and harassing behavior by filing the lawsuits listed in footnote 1, such that the third De Long factor favors instituting a pre–filing order.

*(1) Ms. Iegorova's history of vexatious, harassing lawsuits.*

Ms. Iegorova has filed over 50 actions in this court since 2014, half of which have come in 2019 alone. Courts in this district have screened each of these, as Ms. Iegorova has

---

Drozhzhin; 2:15-cv-01603-MCE-GGH; Iegorova v. Bondaruk; 2:15-cv-01651-MCE-CKD Iegorova v. Fairwood Apartment; 2:15-cv-01691-KJM-CKD Iegorova v. Palatnik; 2:16-cv-02930-KJM-EFB; Iegorova v. Shlesinger; 2:17-cv-02001-MCE-AC Iegorova v. Johnson; 2:17-cv-02221-GEB-KJN Iegorova v. Hobble; 2:17-cv-02222-JAM-EFB Iegorova v. Wilkerson; 2:17-cv-02296-JAM-DB Iegorova v. Chernyetsky; 2:18-cv-00602-KJM-DB Iegorova v. Social Security Administration; 2:18-cv-00610-KJM-AC Iegorova v. Trump; 2:18-cv-00971-JAM-GGH Iegorova v. Light House Apartments; 2:18-cv-00987-KJM-EFB Iegorova v. Efimova; 2:18-cv-01515-TLN-EFB Iegorova v. Trusu; 2:18-cv-01516-MCE-AC Iegorova v. Cavier; 2:18-cv-01556-JAM-KJN Iegorova v. Welness Recovery Center; 2:18-cv-01580-MCE-CKD Iegorova v. U.S. State Department; 2:18-cv-01581-JAM-EFB Iegorova v. U.S. Department of Homeland Security; 2:18-cv-01582-KJM-EFB Iegorova v. HUD Office; 2:18-cv-01734-JAM-DB Iegorova v. Ziricaty; 2:19-cv-00036-TLN-DB Iegorova v. Aslanyan; 2:19-cv-00038-JAM-KJN Iegorova v. Brown; 2:19-cv-00167-JAM-DB Iegorova v. Tsaricati; 2:19-cv-00729-MCE-EFB Iegorova v. Pence; 2:19-cv-00730-TLN-CKD Iegorova v. Fair Oaks Presbyterian; 2:19-cv-01028-MCE-DB Iegorova v. Yegorov; 2:19-cv-01514-KJM-KJN Iegorova v. Sereda; 2:19-cv-01553-TLN-KJN Iegorova v. Becerra; 2:19-cv-00718-MCE-AC Iegorova v. Welby; 2:19-cv-00719-TLN-CKD Iegorova et al v. Recht; 2:19-cv-01109-JAM-CKD Iegorova v. Pavel; 2:19-cv-01111-KJM-DB Iegorova v. Ludmyla; 2:19-cv-01355-MCE-CKD Iegorova v. Intercom Security; 2:19-cv-01358-MCE-EFB Iegorova v. Lowder; 2:19-cv-01387-KJM-EFB Iegorova v. Pruglo; 2:19-cv-01512-MCE-KJN Iegorova v. Feygan; 2:19-cv-01515-MCE-DB Iegorova v. Derebenskiy; 2:19-cv-01551-MCE-AC Iegorova v. Thompson; 2:19-cv-01552-JAM-DB Iegorova v. Ojingwa; 2:19-cv-01613-JAM-EFB Iegorova v Shpak.

accompanied her complaint with a motion to proceed in forma pauperis in every case. See 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."). So far, all but one complaint has been dismissed at screening, and many because she asserts "frivolous" claims.

In each and every one of these actions, Ms. Iegorova has asserted claims under 18 U.S.C. (the criminal code), which cannot be maintained by private citizens. See Allen v. Gold Country Cascino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes). In many of the screening orders dismissing her case, courts in this district have told Ms. Iegorova as much;[2] despite this, she continues to file cases asserting claims under 18 U.S.C.[3] The undersigned notes that in five of her actions, Ms. Iegorova did list claims under non–criminal statutes (mainly 42 U.S.C.), but these were dismissed for failure to state a claim or failure to amend.[4] In fact, in only in one instance has a court determined Ms. Iegorova's complaint was ready to be served on defendants.[5] In a majority of Ms. Iegorova's actions, she requests damages somewhere between nine and nine–hundred–ninety–nine trillion dollars.

---

[2] See, e.g., 2:19-cv-00036-TLN-DB ("Plaintiff appears to be claiming that defendant violated a criminal code, however, criminal provisions provide no basis for civil liability."); 2:14-cv-3016-GEB-EFB (granting leave to amend under potential 42 U.S.C. § 1983, but dismissing claims under Title 18 of the United States Code because "those criminal statutes do not give rise to civil liability."); 2:14-cv-03014-MCE-KJN ("Plaintiff, as a private citizen, has no standing to prosecute federal crimes").

[3] See, e.g., 2:19-cv-01553-TLN-KJN (PS) Iegorova v. Becerra (complaint filed August 12, 2019 against Xavier Becerra, asserting the California Attorney General committed "crime conspiracy against life and personal property blind, insulin resistant petitioner under 18 U.S. Code 241, Assassination on federal Road I–5 . . . .")

[4] See 2:14-cv-01415-GEB-EFB (PS) Iegorova v. Obama; 2:15-cv-00726-KJM-KJN (PS) Iegorova v. HUD; 2:15-cv-00742-TLN-AC (PS) Iegorova v. Kristyuk; 2:15-cv-00885-TLN-CKD (PS) Iegorova v. Jawale.

[5] See 2:14-cv-03014-MCE-KJN (PS) (which the court liberally–construed as a negligence claim, and ultimately dismissed after Ms. Iegorova failed to oppose the defendant's motion to dismiss).

In eighteen of Ms. Iegorova's actions, the court explicitly dismissed the complaint as "frivolous."[6] See Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985) ("Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider."); Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."). Another subset of courts have dismissed Ms. Iegorova's complaint as either "unintelligible," "fanciful," "disjointed," or "delusional"—which the undersigned construes as "frivolous" in nature.[7] See Id.

Finally, the undersigned notes that in twenty of Ms. Iegorova's actions, although courts granted her leave to amend, she only amended three times—each of which ultimately failed for lack of subject matter jurisdiction or failure to state a claim.[8] See Chambers v. NASCO, Inc., 501

---

[6] 2:14-cv-03016-GEB-EFB (PS) Iegorova v. Lieninger; 2:15-cv-00742-TLN-AC (PS) Iegorova v. Kristyuk; 2:15-cv-00884-TLN-KJN (PS) Iegorova v. Vintage Knools and Vintage Woods; 2:15-cv-00885-TLN-CKD (PS) Iegorova v. Jawale; 2:15-cv-01116-MCE-AC (PS) Iegorova v. Intercontinental Hotel Group; 2:15-cv-01545-KJM-GGH (PS) Iegorova v. Drozhzhin; 2:15-cv-01603-MCE-GGH (PS) Iegorova v. Bondaruk; 2:15-cv-01651-MCE-CKD (PS) Iegorova v. Fairwood Apartment; 2:15-cv-01691-KJM-CKD (PS) Iegorova v. Palatnik; 2:18-cv-01556-JAM-KJN (PS) Iegorova v. Welness Recovery Center; 2:18-cv-01580-MCE-CKD (PS) Iegorova v. U.S. State Department; 2:19-cv-00038-JAM-KJN (PS) Iegorova v. Brown; 2:19-cv-00719-TLN-CKD (PS) Iegorova et al v. Recht; 2:19-cv-00037-MCE-EFB (PS) Iegorova v. Clinton; 2:19-cv-00718-MCE-AC (PS) Iegorova v. Welby; 2:19-cv-01109-JAM-CKD (PS) Iegorova v. Pavel; 2:18-cv-00602-KJM-DB (PS) Iegorova v. SSA; 2:18-cv-01734-JAM-DB (PS) Iegorova v. Ziricaty.

[7] 2:15-cv-01531-KJM-CKD (TEMP)(PS) Iegorova v. Sacramento Police Dept.; 2:18-cv-01515-TLN-EFB (PS) Iegorova v. Trusu; 2:18-cv-01581-JAM-EFB (PS) Iegorova v. DHS; 2:18-cv-01582-KJM-EFB (PS) Iegorova v. HUD Office; 2:19-cv-00036-TLN-DB (PS) Iegorova v. Aslanyan; 2:17-cv-02001-MCE-AC (PS) Iegorova v. Johnson; 2:18-cv-01516-MCE-AC (PS) Iegorova v. Cavier; 218-cv-00610-KJM-AC (PS) Iegorova v. Trump; 2:19-cv-00730-TLN-CKD (PS) Iegorova v. Fair Oaks Presbyterian; 2:18-cv-00602-KJM-DB (PS) Iegorova v. SSA; 2:18-cv-01734-JAM-DB (PS) Iegorova v. Ziricaty; 2:19-cv-00729-MCE-EFB (PS) Iegorova v. Pence; 2:17-cv-02221-GEB-KJN (PS) Iegorova v. Hobble; 2:15-cv-01281-TLN-EFB (PS) Iegorova v. Chase Bank; 2:16-cv-02930-KJM-EFB (PS) Iegorova v Shlesinger; 2:17-cv-02222-JAM-EFB (PS) Iegorova v. Wilkerson; 2:17-cv-02296-JAM-DB (PS) Iegorova v. Chernyetsky.

[8] 2:14-cv-01415-GEB-EFB (PS) Iegorova v. Obama; 2:14-cv-03014-MCE-KJN (PS) Iegorova v. Target; 2:14-cv-03016-GEB-EFB (PS) Iegorova v. Lieninger; 2:15-cv-00726-KJM-KJN (PS)

U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."). Only once has Ms. Iegorova voluntarily dismissed her own claim, after requesting a return of the filing fee.[9]

Thus, the above record supports a substantive vexatious finding, given Ms. Iegorova's history of frivolous and harassing litigation. Molski, 500 F.3d at 1059 ("Frivolous litigation is not limited to cases in which a legal claim is entirely without merit. It is also frivolous for a claimant who has some measure of a legitimate claim to make false factual assertions."); see also In re Oliver, 682 F.2d 443, 444 (3d Cir. 1982) (more than fifty frivolous cases).

*(2) Ms. Iegorova's motive and the lack of objective good faith expectation of prevailing.*

Courts in this district have screened 49 of Ms. Iegorova's complaints since 2014. Therein, Ms. Iegorova has been informed in an overwhelming majority of these cases of the following:

   a. She cannot raise claims under the federal criminal code (18 U.S.C.);

   b. To maintain claims in federal court, she must follow the Federal Rules of Civil Procedure, including Rule 8(a)'s requirement to lodge a "short and plain

---

Iegorova v. HUD; 2:15-cv-00742-TLN-AC (PS) Iegorova v. Kristyuk; 2:15-cv-00884-TLN-KJN (PS) Iegorova v. Vintage Knools and Vintage Woods; 2:15-cv-00885-TLN-CKD (PS) Iegorova v. Jawale; 2:15-cv-01116-MCE-AC (PS) Iegorova v. Intercontinental Hotel Group 2:15-cv-01281-TLN-EFB (PS) Iegorova v. Chase Bank; 2:15-cv-01531-KJM-CKD (TEMP)(PS) Iegorova v. Sacramento Police Dept.; 2:15-cv-01545-KJM-GGH (PS) Iegorova v. Drozhzhin; 2:15-cv-01603-MCE-GGH (PS) Iegorova v. Bondaruk; 2:15-cv-01651-MCE-CKD (PS) Iegorova v. Fairwood Apartment; 2:15-cv-01691-KJM-CKD (PS) Iegorova v. Palatnik; 2:16-cv-02930-KJM-EFB (PS) Iegorova v Shlesinger; 2:17-cv-02001-MCE-AC (PS) Iegorova v. Johnson; 2:17-cv-02221-GEB-KJN (PS) Iegorova v. Hobble; 2:17-cv-02222-JAM-EFB (PS) Iegorova v. Wilkerson; 2:17-cv-02296-JAM-DB (PS) Iegorova v. Chernyetsky; 2:18-cv-00602-KJM-DB (PS) Iegorova v. SSA.

[9] 2:18-cv-00987-KJM-EFB (PS) Iegorova v. Efimova.

8

statement" of her claim, with factual allegations connecting the particular

defendants with the causes of action she intends to assert;

c. Federal courts do not have subject matter jurisdiction over frivolous, fanciful, or delusional claims; and

d. She must keep the court apprised of her current address.

Despite these warnings and guidance, as well as these courts' liberal granting of leave to amend, Ms. Iegorova continues to file baseless, fanciful, delusional, and frivolous claims. Thus, the undersigned sees no possible way a litigant in Ms. Iegorova's position could maintain a good–faith expectation of prevailing in her actions. See Endsley v. California, 2014 WL 5335857 (C.D. Cal. Oct. 16, 2014) (aff'd in part, Endsley v. California, 627 Fed App'x 644 (9th Cir. 2015)) (civil detainee declared a vexatious litigant after bringing numerous cases alleging the same constitutional "violations;" the court found Plaintiff could not have had an "objective good faith expectation of prevailing" on claims he had already been told were not cognizable).

Further, at the October 3 hearing, the undersigned intends to ask Ms. Iegorova of her motives in filing so many causes of action, despite the warnings from courts in this district. The court will then consider her response in determining whether her motives in filing multiple actions lack good faith.

For now, the Court believes this factor—subject to her motives—supports a substantive finding about the frivolous or harassing nature of her litigation tactics, favoring a finding that Ms. Iegorova is a vexatious litigant.

*(3) Ms. Iegorova's lack of counsel.*

In every one of the actions Ms. Iegorova filed since 2014, she has proceeded pro se and requests the court waive fees due to her poverty. Though courts are generally protective of pro se litigants, the undersigned finds this factor cannot outweigh Ms. Iegorova's abusive litigation tactics—especially since courts in this district have more–than–liberally construed her complaints for close to five years, granted her leave to amend, and provided her with guidance on the standards for bringing cases in federal court—guidance she has failed to heed.

*(4) Ms. Iegorova has caused needless expense to other parties and has posed an unnecessary burden on the courts and their personnel*

Of Ms. Iegorova's 50+ complaints filed in this court since 2014, half have come in 2019 alone. Of concern to the Court is that Ms. Iegorova continues to use two addresses (one in Sacramento and one in Carmichael) that do not appear to be her own. Instead of updating the header on her complaints with her correct address, Ms. Iegorova continues to use these out–of–date addresses. The court has received multiple requests from the residents of the Sacramento address, pleading with the court to take action to end Ms. Iegorova's use of their address "without authorization." (See 2:19-cv-0167 JAM–DB at ECF No. 3; 2:19-cv-1582 KJM–EFB at ECF No. 3, attached as Exhibit 1 to this order).

Further, Ms. Iegorova's abusive tactics have imposed an unnecessary burden on the personnel of this court. Employees in the Clerk's office continually scan and file her frivolous complaints and motions, which judges in this court must review (and given her history, dismiss); the Clerk's office must then mail out these orders, which inevitably come back as undeliverable due to Ms. Iegorova's failure to update the court with her address.

Thus, unless the court halts Ms. Iegorova's actions, her abusive tactics will pose an unnecessary burden on other parties as well as the court and its personnel. See Spain v. EMC Mortg. Co., 2010 WL 3940987, at *12 (D. Ariz. Sept. 27, 2010), aff'd sub nom. Spain v. EMC Mortg. Corp., 487 F. App'x 411 (9th Cir. 2012) (finding unnecessary burden where the litigant persistently filed motions and other submissions that were baseless, causing unnecessary expense to the parties and needless burden on the courts).

*(5) Multiple courts in this district have attempted to institute alternative sanctions, but these have largely gone unheeded and have been inadequate to protect the courts and third parties.*

Under 28 U.S.C. § 1915(e)(2), courts in this district have screened Ms. Iegorova's complaints for frivolous claims, claims that fail under Rule 8, and claims asserted against immune defendants. In twenty of those instances where a potential claim may lie, the court has instructed Ms. Iegorova on how to amend to state a claim and granted her leave to amend. However, Ms.

Iegorova has taken the court up on amending only three times—and in those five cases, the court has ultimately dismissed for failing to state a claim or failure to allege jurisdiction. The other fifteen times, Ms. Iegorova did not amend or otherwise respond to the courts' screening order, leading these courts to dismiss for the reasons stated in the screening order as well as for failing to amend the complaint. Twice, the court has imposed monetary sanctions on Ms. Iegorova for failing to follow a court order, but those sanctions have gone unheeded—and the claims ultimately were dismissed. Given Ms. Iegorova's consistent use of the in forma pauperis motion, it is unlikely monetary sanctions would be effective.

Thus, the undersigned has concluded that the only way to end Ms. Iegorova's abusive and frivolous litigation is to consider a restrictive pre–filing order. See Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994) ("[W]hen there is ... conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power."); but see Spain, 2010 WL 3940987, at *12 ("Especially because plaintiff has not heeded any of this court's prior warnings regarding the manner in which he has conducted this litigation, the need for a carefully circumscribed pre-filing order is readily apparent.").

**D. Narrowly Tailored Vexatious Litigant Order**

Under the contemplated pre-filing order, Ms. Iegorova will not be permitted to initiate any new actions unless she submits alongside her complaint (a) a declaration under penalty of perjury explaining why she believes she has meritorious claims, and (b) a declaration listing all previous actions she has filed in this court or any other court, identifying named defendants and all claims made in the previous actions, certifying in each case that the defendants have not been sued before or that any claims against previous defendants are not related to previous actions, stating that the current claims are not frivolous or made in bad faith, and declaring that she has conducted a reasonable investigation of the facts—an investigation which supports her claims. The Court is also contemplating requiring Ms. Iegorova to submit security before service of process, barring her use of the in propria persona motion, or limiting the number of other motions she may file, pursuant to Local Rule 151(b) and Cal. Civ. Proc. Code § 391.

////

# **ORDER**

Accordingly:

1. Plaintiff is hereby ORDERED to show cause why she should not be declared a vexatious litigant under the Court's inherent powers and under California law, see Cal. Civ. Proc. Code § 391 and L.R. 151(b);

2. Plaintiff is notified that under a vexatious litigant designation, a pre–filing order may be imposed, which may:
    a. require security be posted to maintain cases, see CCP § 391.1;
    b. restrict the filing of new cases via a pre–filing order, see CCP § 391.7; and
    c. limit the number of motions plaintiff may maintain in a single case, including a limitation on her use of the in propria persona motion;

3. Plaintiff may submit a written response to this order on or before September 12, 2019;

4. Plaintiff is further ORDERED TO APPEAR at a hearing on this matter on Thursday, October 3, 2019, at 10:00 A.M., in Courtroom 25; and

5. The Clerk of the Court is directed to serve this Order on Ms. Iegorova at each of the three addresses listed in CM/ECF, and is further directed to serve her at the public counter when she next appears.

IT IS SO ORDERED.

Dated: August 26, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

iego.1512

# EXHIBIT A

13

March 11, 2019

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
OFFICE OF THE CLERK
501 I Street, Suite 4-200 Sacramento, CA 95814-2322

FILED
Mar 13, 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Re: ABUSE OF OUR BUSINESS ADDRESS
   IGOR Iegorov
   LYUDMILA Iegorova

**Dear Court Clerk**

2:19-cv-0167 JAM DB (PS)
2:18-cv-1582 KJM EFB (PS)

With all respect please be advised that the above individuals are using the Slavic Community Center of Sacramento, Inc. with no legal authorization from us. This is a true abuse and we want this to immediately stop. This is an official business address not a residence.

Thank you for your understanding.

Respectfully,

Dr. Florin John Ciuriuc
Executive Director
2999 Fulton Ave
Sacramento, CA 95821-4909