UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| LIUDMYLA IEGOROVA, | No. 2:19-cv-1512-MCE-KJN PS |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS WITH PREJUDICE AND TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT |
| v. | |
| DANIIL FEYGAN, | |
| Defendant. | |

Plaintiff Liudmyla Iegorova, proceeding without counsel, commenced this action and requested leave to proceed in forma pauperis. (ECF Nos. 1, 2.) After the Court reviewed its records, the undersigned ordered Plaintiff to show cause why she should not be declared a vexatious litigant. The Court informed Plaintiff of the potential consequences of such a designation, and set a briefing and hearing schedule for Plaintiff to respond.

The Court has reviewed Plaintiff's complaint, and finds it fails for lack of subject matter jurisdiction. Thus, the undersigned recommends this action be dismissed with prejudice. Further, the undersigned finds Plaintiff to be a repeat, serial litigant whose actions have made it clear that she will only continue to abuse the judicial process and inundate courts in this district with frivolous complaints that do nothing but strain the court's limited resources. Therefore, the undersigned recommends Plaintiff be deemed a vexatious litigant, and recommends a pre–filing order be instituted against her.

1

**Background**[1]

On August 7, 2019, Plaintiff filed this action against Daniil Feygan, a social worker at Sacramento In–Home Support Services. (ECF No. 1.) Therein, she alleges Feygan committed crimes against her health, life, and personal property under 18 U.S.C. § 241. According to Plaintiff, Sacramento County "stole documents for [a] hearing in July 2015 and stop[ped] services on July 25." (ECF No. 1.) She demanded ninety–nine trillion dollars in damages. (Id.) Plaintiff requested leave to proceed in forma pauperis. (ECF No. 2.)

Pursuant to 28 U.S.C. § 1915, the Court screened Plaintiff's complaint. A review of the Court's docket reveals that since 2014, Plaintiff has filed over 50 cases in this district wherein she proceeds pro se and requests a waiver of the filing fees. As described in more detail below, only one of Plaintiff's cases has progressed past the court's screening process, and a majority of these actions have been dismissed as frivolous, unintelligible, fanciful, or delusional. Further, in a many of those cases, it appears Plaintiff has been using an address that is not her own, causing the court's notices to flood the mail of the actual residents. (See, e.g., 2:19–cv–1512–MCE–KJN, Docket Entries on 9/4/19 and 9/23/19, "Mail Returned as Undeliverable.") One of these residents has previously complained to the court about Plaintiff's "fraudulent use of the address." (See 2:19–cv–167–JAM–DB, ECF No. 3, a Letter from the Director of the Community Center alleging Plaintiff's fraudulent use of the address.)

On August 26, 2019, the Court issued an order to show cause why Plaintiff should not be declared a vexatious litigant. (ECF No. 3.) The Court allowed for Plaintiff to respond in writing by September 12, 2019, and set a hearing on the matter for October 3. (Id.) On August 28, 2019, the court served the order to show cause on Plaintiff. (See Docket Entry on 8/28/19.) Plaintiff did not respond in writing to the Court's order, nor did she appear at the October 3 hearing.

///

---

[1] These facts are based on information contained in the Complaint, and on documents contained in the Court's docket that are part of the public record—of which the undersigned takes judicial notice. See Fed. R. Evid. 201; Mir v. Little Co. of Mary Hosp., 844 F. 2d 646, 649 (9th Cir. 1988) ("In addition to the complaint, it is proper for the district court to take judicial notice of matters of public record outside the pleadings and consider them for purposes of [dismissal].")

**I.   Plaintiff's instant claims fail under the substantiality doctrine.**

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

"Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider." Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985) (citing Hagans v. Lavine, 415 U.S. 528, 536-39 (1974)). "The claim must be 'so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits.'" Id. (quoting Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974)); see also Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

Here, Plaintiff's complaint alleges that Defendant Daniil Feygan, a social worker at Sacramento In–Home Support Services, committed crimes against Plaintiff's health, life, and personal property under 18 U.S.C. § 241. According to plaintiff, Sacramento County "stole documents for hearing in July 2015 and stop[ped] services on July 25." (ECF No. 1.) Plaintiff demands ninety-nine trillion dollars in damages. (Id.)

As an initial matter, Plaintiff, as a private citizen, has no standing to prosecute any alleged crimes. Moreover, even if Plaintiff's claims could be construed as civil claims, the Court finds that Plaintiff's allegations are implausible, frivolous, devoid of merit, and unsubstantial. Therefore, the Court concludes that this action should be dismissed for lack of subject matter jurisdiction pursuant to the substantiality doctrine. Cook, 775 F.2d at 1035.

///

Although the court ordinarily liberally grants leave to amend, especially to pro se litigants, the nature of Plaintiff's complaint here strongly suggests that granting leave to amend would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996). Moreover, the Court notes that it has many times before informed Plaintiff she cannot bring charges under the criminal code, and has dismissed these cases as frivolous, including against former president Obama, President Trump, the Social Security Administration, the State Department, the Department of Housing and Urban Development, Target Corporation, Chase Bank, and various apartment complexes. Such prior frivolous actions further counsel against granting leave to amend.

## II. Plaintiff should be deemed a vexatious litigant, and a pre–filing order should be imposed.

### Legal Standard

District courts have authority under the All Writs Act, 28 U.S.C. § 1651(a), to issue pre-filing orders that restrict a litigant's ability to initiate court proceedings. De Long v. Hennessey, 912 F. 2d 1144, 1146 (9th Cir. 1990). "[S]uch pre-filing orders are an extreme remedy that should rarely be used." Molski v. Evergreen Dynasty Corp., 500 F. 3d 1047, 1057 (9th Cir. 2007). However, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." De Long, 912 F. 2d at 1148.

Before entering a pre-filing order, a court is to: (A) give the litigant notice and a chance to be heard before the order is entered; (B) compile an adequate record for review; (C) make substantive findings about the frivolous or harassing nature of the plaintiff's litigation, and (D) narrowly tailor the vexatious litigant order "to closely fit the specific vice encountered." Molski, 500 F. 3d at 1057. The first and second factors are procedural considerations; the third and fourth factors are substantive considerations that help the district court "define who is, in fact, a 'vexatious litigant' as well as construct a remedy that will stop the litigant's abusive behavior without unduly infringing the litigant's right to access the courts." Id. at 1057-58. As to the substantive factors, the Ninth Circuit has found a separate set of considerations (employed by the Second Circuit Court of Appeals) provide a helpful framework. Ringgold-Lockhart v. County of

Los Angeles, 761 F. 3d 1057, 1062 (9th Cir. 2014) (citing Molski, 500 F. 3d at 1058). These include consideration of the litigant's history, motives, representation by counsel, as well as the expense to others or burdens on the court and the possibility of other sanctions. Molski, 500 F. 3d at 1058 (quoting Safir v. U.S. Lines, Inc., 792 F. 2d 19, 24 (2d Cir. 1986)).

Additionally, the Eastern District has adopted California's procedure from its "vexatious litigant" laws. See Local Rule 151(b) (adopting Cal. Civ. Proc. Code §§ 391–391.8). These laws were "designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants." Shalant v. Girardi, 51 Cal. 4th 1164, 1169 (2011). The statute provides, among other things, that before an action is allowed to proceed, a plaintiff will be required to furnish security—meaning the litigant must "assure payment . . . of the party's reasonable expenses, including attorney's fees . . . incurred in or in connection with a litigation instituted . . . by a vexatious litigant." Cal. Civ. Proc. Code § 391. If the plaintiff fails to furnish the security, the action will be dismissed. Id.

**Analysis**

Plaintiff's litigation history demonstrates a pattern of frivolous and harassing actions. These acts call for her to be deemed a vexatious litigant. De Long, 912 F. 2d at 1146.

**A. Notice and Opportunity to Be Heard**

Procedural due process is satisfied in this instance where the court notifies the litigant it is considering a vexatious litigant order, provides details about the scope of the proceedings, and allows for the litigant to respond to the court's concerns. Ringgold-Lockhart, 761 F.3d at 1063.

The Court issued an order to show cause why Plaintiff should not be declared a vexatious litigant. (ECF No. 3.) Plaintiff was notified of this on August 28, 2019. Plaintiff did not file a written response, nor did she appear at the October 3, 2019 hearing. Thus, because Plaintiff was notified of the Court's order to show cause, and because the Court held its hearing on the OSC, the procedural duty on this first of the DeLong factors is met. 912 F.2d at 1146; Ringgold-Lockhart, 761 F.3d at 1063 (finding due process satisfied where the litigant was notified of the vexatious–litigant motion and appeared at a hearing on the matter).

**B. Adequate Record for Review**

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." De Long, 912 F. 2d at 1147. A district court compiles a proper record for review where a complete list of the cases filed by the litigant, alongside those complaints, accompanies the vexatious litigant order. Ringgold-Lockhart, 761 F.3d at 1063.

Plaintiff has filed over 50 actions in this court since 2014—almost half of which were filed in 2019.[2] As a general outline, the Court notes that in each, (a) Plaintiff attempts to assert claims under the criminal code; (b) in almost half, courts in this district have explicitly found the complaint to be legally frivolous; (c) when she has been given leave to amend, she fails to do so;

---

[2] See 2:19-cv-00037-MCE-EFB Iegorova v Clinton; 2:14-cv-01415-GEB-EFB Iegorova v. Obama; 2:14-cv-03014-MCE-KJN Iegorova v. Target Corporation; 2:14-cv-03016-GEB-EFB Iegorova v. Lieninger; 2:15-cv-00726-KJM-KJN Iegorova v. HUD; 2:15-cv-00742-TLN-AC Iegorova v. Kristyuk; 2:15-cv-00884-TLN-KJN Iegorova v. Vintage Knools and Vintage Woods; 2:15-cv-00885-TLN-CKD Iegorova v. Jawale; 2:15-cv-01116-MCE-AC Iegorova v. Intercontinental Hotel Group; 2:15-cv-01281-TLN-EFB Iegorova v. Chase Bank; 2:15-cv-01531-KJM-CKD; Iegorova v. Sacramento Police Dept.; 2:15-cv-01545-KJM-GGH Iegorova v. Drozhzhin; 2:15-cv-01603-MCE-GGH; Iegorova v. Bondaruk; 2:15-cv-01651-MCE-CKD Iegorova v. Fairwood Apartment; 2:15-cv-01691-KJM-CKD Iegorova v. Palatnik; 2:16-cv-02930-KJM-EFB; Iegorova v. Shlesinger; 2:17-cv-02001-MCE-AC Iegorova v. Johnson; 2:17-cv-02221-GEB-KJN Iegorova v. Hobble; 2:17-cv-02222-JAM-EFB Iegorova v. Wilkerson; 2:17-cv-02296-JAM-DB Iegorova v. Chernyetsky; 2:18-cv-00602-KJM-DB Iegorova v. Social Security Administration; 2:18-cv-00610-KJM-AC Iegorova v. Trump; 2:18-cv-00971-JAM-GGH Iegorova v. Light House Apartments; 2:18-cv-00987-KJM-EFB Iegorova v. Efimova; 2:18-cv-01515-TLN-EFB Iegorova v. Trusu; 2:18-cv-01516-MCE-AC Iegorova v. Cavier; 2:18-cv-01556-JAM-KJN Iegorova v. Welness Recovery Center; 2:18-cv-01580-MCE-CKD Iegorova v. U.S. State Department; 2:18-cv-01581-JAM-EFB Iegorova v. U.S. Department of Homeland Security; 2:18-cv-01582-KJM-EFB Iegorova v. HUD Office; 2:18-cv-01734-JAM-DB Iegorova v. Ziricaty; 2:19-cv-00036-TLN-DB Iegorova v. Aslanyan; 2:19-cv-00038-JAM-KJN Iegorova v. Brown; 2:19-cv-00167-JAM-DB Iegorova v. Tsaricati; 2:19-cv-00729-MCE-EFB Iegorova v. Pence; 2:19-cv-00730-TLN-CKD Iegorova v. Fair Oaks Presbyterian; 2:19-cv-01028-MCE-DB Iegorova v. Yegorov; 2:19-cv-01514-KJM-KJN Iegorova v. Sereda; 2:19-cv-01553-TLN-KJN Iegorova v. Becerra; 2:19-cv-00718-MCE-AC Iegorova v. Welby; 2:19-cv-00719-TLN-CKD Iegorova et al v. Recht; 2:19-cv-01109-JAM-CKD Iegorova v. Pavel; 2:19-cv-01111-KJM-DB Iegorova v. Ludmyla; 2:19-cv-01355-MCE-CKD Iegorova v. Intercom Security; 2:19-cv-01358-MCE-EFB Iegorova v. Lowder; 2:19-cv-01387-KJM-EFB Iegorova v. Pruglo; 2:19-cv-01512-MCE-KJN Iegorova v. Feygan; 2:19-cv-01515-MCE-DB Iegorova v. Derebenskiy; 2:19-cv-01551-MCE-AC Iegorova v. Thompson; 2:19-cv-01552-JAM-DB Iegorova v. Ojingwa; 2:19-cv-01613-JAM-EFB Iegorova v Shpak.

and (d) she consistently lists her address at places where she does not reside. (See Section I.C.1, below, for further detail). This collection of Plaintiff's cases is more than adequate to provide the Court with a record demonstrating her vexatious conduct. See Molski, 500 F.3d at 1059 (finding the district court compiled a proper record for review where "[t]he record before the district court contained a complete list of the cases filed by Molski in the Central District of California, along with the complaints from many of those cases," and where "[a]lthough the district court's decision entering the pre-filing order did not list every case filed by Molski, it did outline and discuss many of them.").

### C. The Frivolous or Harassing Nature of Plaintiff's Litigation

"[B]efore a district court issues a pre-filing injunction . . . it is incumbent on the court to make substantive findings as to the frivolous or harassing nature of the litigant's actions." De Long, 912 F. 2d at 1148. Under the Ninth Circuit's framework, the court considers the following:

(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits;
(2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?;
(3) whether the litigant is represented by counsel;
(4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and
(5) whether other sanctions would be adequate to protect the courts and other parties.

Molski, 500 F. 3d at 1052 (quoting Safir, 792 F.2d at 24).

As described below, the weight of these considerations supports a substantive finding that Plaintiff has engaged in frivolous and harassing behavior by filing the lawsuits listed in footnote 2, such that the third De Long factor favors instituting a pre–filing order.

(1) Plaintiff's history of vexatious, harassing lawsuits.

Plaintiff has filed over 50 actions in this court since 2014, almost half of which have come in 2019 alone. Courts in this district have screened each of these, as Plaintiff has accompanied her complaint with a motion to proceed in forma pauperis in every case. See 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or

7

(iii) seeks monetary relief against a defendant who is immune from such relief."). So far, all but one complaint has been dismissed at screening, and many because she asserts "frivolous" claims.

In each and every one of these actions, Plaintiff has asserted claims under 18 U.S.C. (the criminal code), which cannot be maintained by private citizens. See <u>Allen v. Gold Country Cascino</u>, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes). In many of the screening orders dismissing her case, courts in this district have told Plaintiff as much.[3] Despite this, she continues to file cases asserting claims under 18 U.S.C.[4] The undersigned notes that in five of her actions, Plaintiff did list claims under non–criminal statutes (mainly 42 U.S.C.), but these were dismissed for failure to state a claim or failure to amend.[5] In fact, in only in one instance has a court determined Plaintiff's complaint was ready to be served on defendants.[6] In a majority of Plaintiff's actions, she requests damages somewhere between nine and nine–hundred–ninety–nine trillion dollars.[7] These facts demonstrate frivolity.

Further, in twenty–two of Plaintiff's fifty actions, courts in this district have explicitly found her complaint to be "frivolous."[8] See <u>Cook v. Peter Kiewit Sons Co.</u>, 775 F.2d 1030, 1035

---

[3] See, e.g., 2:19-cv-00036-TLN-DB ("Plaintiff appears to be claiming that defendant violated a criminal code, however, criminal provisions provide no basis for civil liability."); 2:14-cv-3016-GEB-EFB (granting leave to amend under potential 42 U.S.C. § 1983, but dismissing claims under Title 18 of the United States Code because "those criminal statutes do not give rise to civil liability."); 2:14-cv-03014-MCE-KJN ("Plaintiff, as a private citizen, has no standing to prosecute federal crimes").

[4] See, e.g., 2:19-cv-01553-TLN-KJN (PS) (filed August 12, 2019, asserting the California Attorney General committed "crime conspiracy against life and personal property blind, insulin resistant petitioner under 18 U.S. Code 241, Assassination on federal Road I–5 . . . .").

[5] See 2:14-cv-01415-GEB-EFB (PS) <u>Iegorova v. Obama</u>; 2:15-cv-00726-KJM-KJN (PS) <u>Iegorova v. HUD</u>; 2:15-cv-00742-TLN-AC (PS) <u>Iegorova v. Kristyuk</u>; 2:15-cv-00885-TLN-CKD (PS) <u>Iegorova v. Jawale</u>.

[6] See 2:14-cv-03014-MCE-KJN (PS) (which the court liberally–construed as a negligence claim, and ultimately dismissed after Ms. Iegorova failed to oppose the defendant's motion to dismiss).

[7] See, e.g., 2:19-cv-01553-TLN-KJN (PS) <u>Iegorova v. Becerra</u> (requesting "Ninety-Nine trillion dollars USA" for the California Attorney General's alleged "Assassination on federal Road I–5.")

[8] 2:14-cv-03016-GEB-EFB (PS) <u>Iegorova v. Lieninger</u>; 2:15-cv-00742-TLN-AC (PS) <u>Iegorova v. Kristyuk</u>; 2:15-cv-00884-TLN-KJN (PS) <u>Iegorova v. Vintage Knools and Vintage Woods</u>; 2:15-

8

(9th Cir. 1985) ("Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider."); Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."). Another subset of courts have dismissed Plaintiff's complaint as either "unintelligible," "fanciful," "disjointed," or "delusional"— which the undersigned construes as "frivolous" in nature.[9] See Id.

Finally, the undersigned notes that in twenty of Plaintiff's actions, although courts granted her leave to amend, she only amended three times—each of which ultimately failed for lack of subject matter jurisdiction or failure to state a claim.[10] See Chambers v. NASCO, Inc., 501 U.S.

---

cv-00885-TLN-CKD (PS) Iegorova v. Jawale; 2:15-cv-01116-MCE-AC (PS) Iegorova v. Intercontinental Hotel Group; 2:15-cv-01545-KJM-GGH (PS) Iegorova v. Drozhzhin; 2:15-cv-01603-MCE-GGH (PS) Iegorova v. Bondaruk; 2:15-cv-01651-MCE-CKD (PS) Iegorova v. Fairwood Apartment; 2:15-cv-01691-KJM-CKD (PS) Iegorova v. Palatnik; 2:18-cv-01556-JAM-KJN (PS) Iegorova v. Welness Recovery Center; 2:18-cv-01580-MCE-CKD (PS) Iegorova v. U.S. State Department; 2:19-cv-00038-JAM-KJN (PS) Iegorova v. Brown; 2:19-cv-00719-TLN-CKD (PS) Iegorova et al v. Recht; 2:19-cv-00037-MCE-EFB (PS) Iegorova v. Clinton; 2:19-cv-00718-MCE-AC (PS) Iegorova v. Welby; 2:19-cv-01109-JAM-CKD (PS) Iegorova v. Pavel; 2:18-cv-00602-KJM-DB (PS) Iegorova v. SSA; 2:18-cv-01734-JAM-DB (PS) Iegorova v. Ziricaty; 2:19-cv-01355-MCE-CKD (PS) Iegorova v. Intercom Security; 2:19-cv-01551-MCE-AC (PS) Iegorova v. Thompson; 2:19-cv-01514-KJM-KJN (PS) Iegorova v. Sereda; 2:19-cv-01553-TLN-KJN (PS) Iegorova v. Becerra.

[9] 2:15-cv-01531-KJM-CKD (TEMP)(PS) Iegorova v. Sacramento Police Dept.; 2:18-cv-01515-TLN-EFB (PS) Iegorova v. Trusu; 2:18-cv-01581-JAM-EFB (PS) Iegorova v. DHS; 2:18-cv-01582-KJM-EFB (PS) Iegorova v. HUD Office; 2:19-cv-00036-TLN-DB (PS) Iegorova v. Aslanyan; 2:17-cv-02001-MCE-AC (PS) Iegorova v. Johnson; 2:18-cv-01516-MCE-AC (PS) Iegorova v. Cavier; 218-cv-00610-KJM-AC (PS) Iegorova v. Trump; 2:19-cv-00730-TLN-CKD (PS) Iegorova v. Fair Oaks Presbyterian; 2:18-cv-00602-KJM-DB (PS) Iegorova v. SSA; 2:18-cv-01734-JAM-DB (PS) Iegorova v. Ziricaty; 2:19-cv-00729-MCE-EFB (PS) Iegorova v. Pence; 2:17-cv-02221-GEB-KJN (PS) Iegorova v. Hobble; 2:15-cv-01281-TLN-EFB (PS) Iegorova v. Chase Bank; 2:16-cv-02930-KJM-EFB (PS) Iegorova v Shlesinger; 2:17-cv-02222-JAM-EFB (PS) Iegorova v. Wilkerson; 2:17-cv-02296-JAM-DB (PS) Iegorova v. Chernyetsky; 2:19-cv-01355-MCE-CKD (PS) Iegorova v. Intercom Security.

[10] 2:14-cv-01415-GEB-EFB (PS) Iegorova v. Obama; 2:14-cv-03014-MCE-KJN (PS) Iegorova v. Target; 2:14-cv-03016-GEB-EFB (PS) Iegorova v. Lieninger; 2:15-cv-00726-KJM-KJN (PS) Iegorova v. HUD; 2:15-cv-00742-TLN-AC (PS) Iegorova v. Kristyuk; 2:15-cv-00884-TLN-

32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."). Only once has Plaintiff voluntarily dismissed her own claim, after requesting a return of the filing fee.[11] These acts demonstrate harassment.

Thus, the above record supports a substantive vexatious finding, given Plaintiff's history of frivolous and harassing litigation. Molski, 500 F.3d at 1059 ("Frivolous litigation is not limited to cases in which a legal claim is entirely without merit. It is also frivolous for a claimant who has some measure of a legitimate claim to make false factual assertions."); see also In re Oliver, 682 F.2d 443, 444 (3d Cir. 1982) (more than fifty frivolous cases).

(2) Plaintiff's motive and the lack of objective good faith expectation of prevailing.

Courts in this district have screened over 50 of Plaintiff's complaints since 2014. Therein, Plaintiff has been informed in an overwhelming majority of these cases of the following:

a. She cannot raise claims under the federal criminal code (18 U.S.C.);
b. To maintain claims in federal court, she must follow the Federal Rules of Civil Procedure, including Rule 8(a)'s requirement to lodge a "short and plain statement" of her claim, with factual allegations connecting the particular defendants with the causes of action she intends to assert;

---

KJN (PS) Iegorova v. Vintage Knools and Vintage Woods; 2:15-cv-00885-TLN-CKD (PS) Iegorova v. Jawale; 2:15-cv-01116-MCE-AC (PS) Iegorova v. Intercontinental Hotel Group 2:15-cv-01281-TLN-EFB (PS) Iegorova v. Chase Bank; 2:15-cv-01531-KJM-CKD (TEMP)(PS) Iegorova v. Sacramento Police Dept.; 2:15-cv-01545-KJM-GGH (PS) Iegorova v. Drozhzhin; 2:15-cv-01603-MCE-GGH (PS) Iegorova v. Bondaruk; 2:15-cv-01651-MCE-CKD (PS) Iegorova v. Fairwood Apartment; 2:15-cv-01691-KJM-CKD (PS) Iegorova v. Palatnik; 2:16-cv-02930-KJM-EFB (PS) Iegorova v Shlesinger; 2:17-cv-02001-MCE-AC (PS) Iegorova v. Johnson; 2:17-cv-02221-GEB-KJN (PS) Iegorova v. Hobble; 2:17-cv-02222-JAM-EFB (PS) Iegorova v. Wilkerson; 2:17-cv-02296-JAM-DB (PS) Iegorova v. Chernyetsky; 2:18-cv-00602-KJM-DB (PS) Iegorova v. SSA.

[11] 2:18-cv-00987-KJM-EFB (PS) Iegorova v. Efimova.

      c. Federal courts do not have subject matter jurisdiction over frivolous, fanciful, or delusional claims; and

      d. Plaintiff must keep the court apprised of her current address.

Despite these warnings and guidance, as well as these courts' liberal granting of leave to amend, Plaintiff continues to file baseless, fanciful, delusional, and frivolous claims. Thus, the undersigned sees no possible way a litigant in Plaintiff's position could maintain a good–faith expectation of prevailing in her actions. See Endsley v. California, 2014 WL 5335857 (C.D. Cal. Oct. 16, 2014) (aff'd in part, Endsley v. California, 627 Fed App'x 644 (9th Cir. 2015)) (civil detainee declared a vexatious litigant after bringing numerous cases alleging the same constitutional "violations;" the court found Plaintiff could not have had an "objective good faith expectation of prevailing" on claims he had already been told were not cognizable). This factor weighs in favor of a vexatious finding.

      (3) Plaintiff's lack of counsel.

In each of Plaintiff's actions, she has proceeded without counsel. (See, e.g., 2:19-cv-1512-MCE-KJN PS at ECF No. 1.) Though courts are generally protective of pro se litigants, the undersigned finds this factor cannot outweigh Plaintiff's abusive litigation tactics. This is so especially since courts in this district have attempted to inform Plaintiff of the above issues since 2014—information she has disregarded.

      (4) The needless expense and unnecessary burden on the court and its personnel.

Of Plaintiff's 52 complaints filed in this court since 2014, almost half have come in 2019 alone. Of concern to the Court is that Plaintiff continues to use two addresses (one in Sacramento and one in Carmichael) that do not appear to be her own. Instead of updating the header on her complaints with her correct address, Plaintiff continues to use these out–of–date addresses. The court has received multiple requests from the residents of the Sacramento address, pleading with the court to end Plaintiff's use of their address "without authorization." (See 2:19-cv-0167 JAM–DB at ECF No. 3; 2:19-cv-1582 KJM–EFB at ECF No. 3, attached as Exhibit 1 to this order.)

///

Further, Plaintiff's abusive tactics have imposed an unnecessary burden on the personnel of this court. Employees in the Clerk's office continually scan and file her frivolous complaints and motions, which judges in this court must review (and given her history of ignoring of the courts' orders regarding her persistent defects, must dismiss); the Clerk's office must then mail out these orders, which inevitably are undelivered due to Plaintiff's failure to update the court with her address.

Thus, unless the Court halts Plaintiff's actions, her abusive tactics will continue to place an unnecessary burden on other parties as well as the court and its personnel. See Spain v. EMC Mortg. Co., 2010 WL 3940987, at *12 (D. Ariz. Sept. 27, 2010), aff'd sub nom. 487 F. App'x 411 (9th Cir. 2012) (finding unnecessary burden where the litigant persistently filed motions and other submissions that were baseless, causing unnecessary expense to the parties and needless burden on the courts).

### (5) The inadequacy of lesser sanctions.

Under 28 U.S.C. § 1915(e)(2), courts in this district have screened Plaintiff's complaints for frivolous claims, claims that fail under Rule 8, and claims asserted against immune defendants. In twenty of those instances where a potential claim may lie, the court has instructed Plaintiff on how to amend to state a claim and granted her leave to amend. However, Plaintiff has taken the court up on amending only three times—and in those cases, the court has ultimately dismissed for failing to state a claim or failure to allege jurisdiction. The other fifteen times, Plaintiff did not amend or otherwise respond to the courts' screening order, leading these courts to dismiss for the reasons stated in the screening order as well as for failing to amend the complaint. Twice, the court has imposed monetary sanctions on Plaintiff for failing to follow a court order, but those sanctions have gone unheeded—and the claims ultimately were dismissed. Given Plaintiff's consistent use of the in forma pauperis motion, it is unlikely monetary sanctions would be effective. Thus, the undersigned has concluded that the only way to end Plaintiff's abusive and frivolous litigation is to consider a restrictive pre–filing order. See Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994) (finding that when conduct can be "adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent

power."); but see Spain, 2010 WL 3940987, at *12 ("Especially because plaintiff has not heeded any of this court's prior warnings regarding the manner in which he has conducted this litigation, the need for a carefully circumscribed pre-filing order is readily apparent.").

**D. Narrowly Tailored Vexatious Litigant Order**

In Molski, the Ninth Circuit approved the scope of a vexatious litigant order because it prevented the plaintiff from filing "only the type of claims [he] had been filing vexatiously," and "because it will not deny [him] access to courts on any . . . claim that is not frivolous." Molski, 500 F.3d at 1061. Here, in order to prevent the types of claims Plaintiff has been filing vexatiously, the undersigned recommends the following pre–filing order:

 a.) Any future filing, of any kind, by Plaintiff in the United States District Court for the Eastern District of California shall contain the following words in all capital letters at the top of the front page: "PLAINTIFF HAS BEEN DECLARED A VEXATIOUS LITIGANT, AS PER CASE NO. 2:19-cv-1512-MCE–KJN (PC)." If a proposed filing does not contain that heading, the Clerk of the Court shall lodge, not file, the proposed filing, nor shall the Court review it—any incomplete filings shall be returned to Plaintiff without further action of the court;

 b.) If Plaintiff submits an action as a self-represented plaintiff accompanied by the above declaration, the Clerk of the Court is directed to open the matter as a miscellaneous case to be considered by the General Duty Judge of this court. The Duty Judge shall then determine whether the case is in fact non-frivolous. If it is frivolous, the Duty Judge shall dismiss the action without further comment, pursuant to this pre–filing order. If it is not frivolous, the Duty Judge shall order the Clerk to allow the complaint to be filed as normal; and

 c.) The requirements of subparagraphs (a) and (b) shall be waived if Plaintiff's filing is made on her behalf by a licensed attorney at law in good standing who signs the filing as the attorney of record for Plaintiff.

The undersigned finds the scope of this order narrow enough to still allow Plaintiff access to the courts, but broad enough to cover—and halt—her vexatious behavior. Molski, 500 F.3d at 1061.

# **FINDINGS AND RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Complaint (ECF No. 1) be DISMISSED for lack of subject matter jurisdiction pursuant to the substantiality doctrine;
2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED as moot;
3. Plaintiff be DECLARED a Vexatious Litigant; and
4. The Court ISSUE a pre–filing order as described in Section II.D. above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: October 7, 2019

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

iego.1512

14

# EXHIBIT A

March 11, 2019

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
OFFICE OF THE CLERK
501 I Street, Suite 4-200 Sacramento, CA 95814-2322

FILED
Mar 13, 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Re: ABUSE OF OUR BUSINESS ADDRESS
   IGOR Iegorov
   LYUDMILA Iegorova

**Dear Court Clerk**

2:19-cv-0167 JAM DB (PS)
2:18-cv-1582 KJM EFB (PS)

With all respect please be advised that the above individuals are using the Slavic Community Center of Sacramento, Inc. with no legal authorization from us. This is a true abuse and we want this to immediately stop. This is an official business address not a residence.

Thank you for your understanding.

Respectfully,

Dr. Florin John Ciuriuc
Executive Director
2999 Fulton Ave
Sacramento, CA 95821-4909

16